NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BROADCAST MUSIC, INC et al, <br><br> Plaintiffs, <br><br> v. <br><br> AMICI III, INC et al, <br><br> Defendants. | Civil Action No. 14-cv-5002 <br><br><br> OPINION |

<u>JOSE L. LINARES, U.S.D.J.</u>

This matter comes before the Court upon motion by Plaintiffs for default judgment. (ECF No. 13). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. Upon consideration of the Plaintiffs' submission, with there being no opposition and for the reasons stated below, Plaintiffs' motion for default judgment, (ECF No. 13), is **GRANTED.**

**I. BACKGROUND**

Plaintiffs filed the Complaint in this action on August 8, 2014 alleging copyright infringement of various musical compositions. (ECF No. 1). Pursuant to Federal Rule of Civil Procedure 4(c), Defendant Amici III, Inc. was served with a copy of the Summons and Complaint on August 13, 2014. (*See* ECF Nos. 8, 12-1). Defendant Giovanni Lavorato was served with a copy of the Summons and Complaint on September 11, 2014. (*See* ECF Nos. 9, 12-1). Federal Rule of Civil Procedure 12(a)(1)(A) therefore requires Defendant Amici III, Inc. to file and serve

1

its Answer no later than September 3, 2014. Defendant Giovanni Lavorato on the other hand, was required to file and serve his Answer no later than October 2, 2014. To date, no responsive pleading has been filed. On October 29, 2014, Plaintiffs filed a request for entry of default as to Defendant Amici III, Inc. and Defendant Giovanni Lavorato. (ECF No. 12). The Clerk entered default on November 3, 2014. Plaintiffs now move for default judgment.

## II. LEGAL STANDARD

Fed. R. Civ. P. 55(b)(2) authorizes the entry of a default judgment against a party that has defaulted. However, default judgment is not a right. *Franklin v. Nat'l Mar. Union of Am.,* No. 91–480, 1991 WL 131182, at *1–2 (D.N.J. July 16, 1991) (quoting 10A Wright, Miller, & Kane, *Federal Practice and Procedure* § 2685 (3d ed.1998)), *aff'd,* 972 F.2d 1331, 1331 (3d Cir. 1992). The decision about whether default judgment is proper is primarily within the discretion of the district court. *Hritz v. Woma Corp.,* 732 F.2d 1178, 1180 (3d Cir. 1984). Once a party has defaulted, the consequence is that "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin,* 908 F.2d 1142, 1149 (3d Cir. 1990) (internal quotations omitted) (citing *Thomas v. Wooster,* 114 U.S. 104, 5 S.Ct. 788, 29 L.Ed. 105 (1885)). Entry of default judgment where damages are not a sum certain requires an application to the court to prove, *inter alia,* damages. Fed. R. Civ. P. 55(b)(2); *Comdyne,* 908 F.2d at 1149. In addition, liability is not established by default alone. *D.B. v. Bloom,* 896 F.Supp. 166, 170 n. 2 (D.N.J. 1995) (citing Wright, *supra,* § 2688). The Court must determine whether a sufficient cause of action was stated, *Chanel, Inc. v. Gordashevsky,* 558 F.Supp.2d 532, 535 (D.N.J. 2008), and whether default judgment is proper. *Chamberlain v. Giampapa,* 210 F.3d 154, 164 (3d Cir. 2000).

## III. DISCUSSION

As a preliminary matter, the Court finds Plaintiffs' request for a total award of $24,000.00 is both reasonable and certain. This amount is an award of $6,000.00 for each of the four (4) acts of infringement. (Pls.' Br., ECF No. 13-1 at 3). Plaintiff states that this quantity is slightly less than three times the amount Plaintiffs would have received in licensing fees from Defendants to date, had Defendants' establishment been properly licensed. (Id.). Congress has provided that a plaintiff may elect to receive statutory damages for infringement of a copyright in an amount not less than $500 per infringement, and not to exceed $20,000. *Id.* § 504(c)(1). The district court has wide discretion as to the damages actually awarded. *Harris v. Emus Records Corp.,* 734 F.2d 1329, 1335 (9th Cir.1984); *see F.W. Woolworth Co. v. Contemporary Arts, Inc.,* 344 U.S. 228, 231–32, 73 S.Ct. 222, 224–25, 97 L.Ed. 276 (1952). It appears from both the case law cited by Plaintiffs, as well as this Court's review of the narrow class of cases dealing with unauthorized musical performances in public establishments, that the damages awards range from two times the licensing fee to five times the licensing fee.[1] Therefore, Plaintiff shall appropriately be awarded a judgment for $24,000.00.[2]

---

[1] *See Chi–Boy Music v. Charlie Club, Inc.,* 930 F.2d 1224, 1227 (7th Cir.1991) (three times the license fee); *Morley Music Co. v. Cafe Continental, Inc.,* 777 F.Supp. 1579 (S.D.Fla.1991) (three times the license fee); *Fermata Int'l Melodies, Inc. v. Champions Golf Club, Inc.,* 712 F.Supp. 1257, 1264 (S.D.Tex.1989) (three times the license fee), *aff'd,* 915 F.2d 1567 (5th Cir.1990); *Rilting Music v. Speakeasy Enters., Inc.,* 706 F.Supp. 550, 557–58 (S.D.Ohio 1988) (slightly less than two times the license fee); *Golden Torch Music Corp. v. Pier III Cafe, Inc.,* 684 F.Supp. 772, 774 (D.Conn.1988) (five times the license fee); *Music City Music v. Alfa Foods, Ltd.,* 616 F.Supp. 1001 (E.D.Va.1985) (slightly more than two times the license fee). This list of cases does not constitute an exhaustive survey of performance infringement cases nationwide, but it does establish a rough baseline for what the other courts have done. *Broad. Music, Inc. v. DeGallo, Inc.,* 872 F. Supp. 167, 169 (D.N.J. 1995).

[2] Plaintiffs are also entitled to attorney's fees pursuant to 17 U.S.C. §505.

3

## A. Copyright Infringement

In this case, after being properly served, Defendants failed to appear or otherwise defend and the Clerk of the Court entered a default. Therefore, before determining if default judgment is appropriate, the issue is whether Plaintiffs have stated a sufficient cause of action and the Court finds that they have. The Court notes that when a defendant defaults, "[t]he facts alleged in the pleadings are assumed to be true." Broad. Music, Inc. v. DeGallo, Inc., 872 F. Supp. 167, 168 (D.N.J. 1995). To establish copyright infringement pursuant to 17 U.S.C. §§ 501–513, a plaintiff must prove (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991); *Dam Things from Denmark v. Russ Berrie & Co., Inc.*, 290 F.3d 548, 561 (3d Cir.2002). Both elements have been sufficiently asserted to state a cause of action for copyright infringement. (Compl., ECF No. 1 ¶¶4-9). Therefore, a cause of action for copyright infringement has been established.

## B. Plaintiffs Seek to Enjoin Defendants

Plaintiffs also seek an injunction in this matter. The Supreme Court requires that any plaintiff seeking a permanent injunction must show:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006) (citations omitted). Plaintiffs have established the elements of irreparable harm and inadequacy

of remedies at law in the Complaint. (*See* Compl. ¶20). Similarly, the only hardship imposed upon the Defendants is that they refrain from infringing, whereas if an injunction were not issued, then Plaintiffs suffer the hardships that in fact gave rise to their claims in this case. Finally, the Third Circuit has long recognized that the public has an interest in trademark and copyright protection. Since Congress has elected to grant certain exclusive rights to the owner of a copyright in a protected work, it is virtually axiomatic that the public interest can only be served by upholding copyright protections and, correspondingly, preventing the misappropriation of the skills, creative energies, and resources that are invested in the protected work. *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255 (3d Cir.1983) (quoting *Klitzner Indus., Inc. v. H.K. James & Co.*, 535 F.Supp. 1249, 1259–60 (E.D.Pa.1982). Here the public interest is served by issuing an injunction. Because each of the *eBay* requirements have been met, the Court will enjoin Defendants.

## C. Default Judgment is Appropriate

In granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense; (2) the prejudice suffered by the party seeking default; and (3) the culpability of the party subject to default. *Doug Brady Inc. v. N.J. Bldg. Laborers Statewide Funds,* 250 F.R.D. 171, 177 (D.N.J.2008) (citing *Emcasco Ins. Co. v. Sambrick.* 834 F.2d 71, 73 (3d Cir.1987). First, Defendants have failed to file responsive pleadings regarding Plaintiffs' Motion for Default and have therefore asserted no defense. Further, Defendants' failure to answer has prejudiced Plaintiffs in preventing them from prosecuting their case, engaging in discovery and seeking relief. Accepting Plaintiffs' allegations to be true, Defendants engaged in copyright infringement for which Plaintiffs have stated sufficient causes of

action to find culpability. The Court ultimately finds that the factual findings articulated above warrant default judgment.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Default Judgment, (ECF No. 13), is **GRANTED**. An appropriate and detailed Order accompanies this Opinion.

Date:  December 16th, 2014

Jose L. Linares
United States District Judge